IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MUNICIPAL GAS AUTHORITY OF
GEORGIA,

    Plaintiff,

v.

TOWN OF SMYRNA, TENNESSEE,

    Defendant.

CIVIL ACTION NO.

1:11-cv-2476-JEC

## ORDER & OPINION

This case is before the Court on defendant's Motion to Transfer or Stay [4] and plaintiff's Motions to Remand [11] and [18]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendant's Motion to Stay [4] should **GRANTED** and plaintiff's Motions to Remand [11] and [18] should be **DENIED**.

## BACKGROUND

This case arises out of a contract dispute. Plaintiff is a municipal gas authority that operates as a public corporation. (Compl. at ¶ 1, attached to Notice Removal [1-1] at Ex. A.) Plaintiff's purpose is to acquire and maintain projects and facilities for the storage, production and distribution of natural gas, as well as to make available an adequate and economic supply of

gas and related services to political divisions of the State of Georgia. *See* O.C.G.A. § 46-4-95. As a public charity, plaintiff operates on a non-profit basis. O.C.G.A. §§ 46-4-97, 46-4-98(a). It consists of 78 Members, including 64 Georgia municipalities and two Tennessee municipalities. (Corbin Decl. [11-3] at ¶¶ 12, 17.) Defendant is one of the Tennessee members. (Tenn. Compl. at ¶ 1, attached to Def.'s Reply in Supp. of Mot. to Transfer [13-1] at Ex. A.)

In 2000, the parties entered into a contract (the "2000 Agreement"), whereby plaintiff agreed to supply and manage defendant's natural gas requirements. (*Id.* at ¶ 7 and 2000 Agreement, attached to Corbin Decl. [11-3] at Ex. 1 [11-4].) The 2000 Agreement contains a forum selection clause requiring any suit by defendant to be filed in Fulton County, Georgia, and any suit by plaintiff to be filed in Rutherford County, Tennessee. (2000 Agreement [11-4] at ¶ 17.1.)

Defendant alleges that the parties subsequently entered into an agreement in 2003 (the "2003 Agreement"), which was related to hedge executions and which precluded plaintiff from locking defendant into a specified price for any period longer than 24 months. (Tenn. Compl. [13-1] at ¶¶ 10-11.) Plaintiff notes that it did not sign the 2003 Agreement, and contends that the Agreement was not executed or finalized. (Corbin Decl. [11-3] at ¶ 5.) Defendant has amended its

2

allegations to reflect that the 2003 Agreement is implied in fact. (Tenn. Compl. [13-1] at ¶¶ 51-53.)

In 2005, defendant executed another contract with plaintiff (the "2005 Agreement"), and thereby became one of plaintiff's members. Plaintiff alleges that the 2005 Agreement, which is substantially identical to its contracts with other members, contemplates that plaintiff will acquire long-term contract rights for the acquisition and distribution of natural gas. (Pl.'s Mot. to Remand [11-1] at 4.) Both parties agree that the 2005 Agreement superceded the 2000 Agreement. (Corbin Decl. [11-3] at ¶ 7 and Def.'s Reply in Supp. of Mot. to Transfer [13] at 2, 10.) However, the parties disagree as to whether Georgia's venue laws and/or defendant's participation in a 2009 proceeding in the Fulton County Superior Court requires any disputes involving the 2005 Agreement to be resolved in Fulton County. (Pl.'s Mot. to Remand [11-1] at 10-14 and Def.'s Reply in Supp. of Mot. to Transfer [13] at 18-20.)

The underlying contractual dispute that is at issue in this case involves the length of time that plaintiff is allowed to execute hedges on behalf of defendant. Defendant contends that in late 2008 plaintiff impermissibly executed 100% of the hedges on behalf of defendant for the next five years and that defendant is now obligated to accept the associated prices and volumes. (Tenn. Compl. [13-1] at ¶¶ 30, 34-35.) Pursuant to the 2003 Agreement, defendant alleges

3

that plaintiff was contractually limited to executing hedges in designated volumes for a particular heating season, subject to changes for the next heating season. (*Id.* at ¶ 35.) To ensure a reliable source of natural gas, defendant has paid the hedge charges for the 2010-2011 heating season under protest. (*Id.* at ¶ 36.) Those charges amount to more than $1.5 million. (*Id.*)

Based on the above facts, defendant filed suit against plaintiff in the Middle District of Tennessee in July, 2011. (*Id.*) In the Tennessee complaint, defendant seeks compensatory damages of over $1.5 million, punitive and/or treble damages, and a declaratory judgment that plaintiff is in breach of multiple contracts, both express and implied in fact. (Tenn. Compl. [13-1] at 13-14.) Less than two weeks later, and in direct response to the Tennessee suit, plaintiff filed the present action in Fulton County Superior Court. (Compl. [1-1].) In the complaint, plaintiff seeks "a declaratory judgment validating the existing contractual relationship between the parties and declaring that Defendant is obligated to continue paying pursuant to its contract whether through the hedging program or otherwise." (*Id.* at 4.)

Defendant removed the Fulton County action to this Court, and now seeks to have the matter transferred to the Middle District of Tennessee, or stayed pending resolution of the litigation in Tennessee, pursuant to the first-filed rule. (Def.'s Mot. to

4

Transfer or Stay [4-1] at 2.)  Plaintiff argues that "compelling circumstances" weigh against a transfer or stay.  (Pl.'s Mot. to Remand [11-1] at ¶ 7.)  Plaintiff also argues that the Court lacks jurisdiction and should remand the matter back to the Superior Court.  (*Id.*)  To the extent that jurisdiction exists, plaintiff asks the Court to exercise its discretion to remand the matter back to the Superior Court under either the Wilton-Brillhart or Buford Abstention Doctrine.  (*Id.*)

## **DISCUSSION**

### I.  **APPLICABLE STANDARD**

Under the first-filed rule, "where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005).  The rule is based on principles of comity and sound judicial administration.  *Id.*  It is intended to "maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case *pending* in another court." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603-04 (5th Cir. 1999).

The first-filed rule is not applied mechanically. *Manuel*, 430 F.3d at 1135 and *Merrill Lynch, Pierce, Fenner & Smith, Inc. v.*

*Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982)). Moreover, there is a narrow exception to the rule that applies when "compelling circumstances" favor transfer and consolidation of the first-filed action to the second forum. *Kate Aspen, Inc. v. Fashioncraft-Excello, Inc.*, 370 F. Supp. 2d 1333, 1338 (N.D. Ga. 2005)(Martin, J.). The party that objects to jurisdiction in the first forum bears the burden of proving that "compelling circumstances" exist. *Manuel*, 430 F.3d at 1135.

    A.   <u>"Compelling Circumstances" Do Not Exist</u>

There is no question that the first-filed rule applies here. The Tennessee suit was filed first, and plaintiff concedes that the present case was initiated in response. Additionally, the cases involve identical parties and the same underlying facts. Consequently, the only question before the Court is whether plaintiff has met its burden of showing that, in spite of the first-filed rule, "compelling circumstances" favor a transfer and consolidation of the Tennessee litigation in this Court.

Unfortunately, the majority of plaintiff's arguments do not address the "compelling circumstances" issue. (Pl.'s Br. in Supp. of Mot. to Remand [11-1] and [18-1].) Instead, plaintiff primarily focuses on the Court's alleged lack of jurisdiction or why the court should exercise its discretion to remand the matter back to the Fulton County Superior Court. (*Id*.) This discussion is largely

6

irrelevant because the Court "need not establish that it has subject matter jurisdiction" over the action "before proceeding to consider whether the first filed rule should be applied." *Marietta Drapery & Window Coverings Co., Inc. v. N. River Ins. Co.*, 486 F. Supp. 2d 1366, 1368 n.2 (N.D. Ga. 2007)(Story, J.).  Absent a finding that "compelling circumstances" exist, jurisdictional concerns are a matter for the first forum to resolve, rather than the second.  *Id. See also Cadle,* 174 F.3d at 604 (explaining that the second forum need not resolve jurisdictional issues before applying the first-filed rule).

Applying the above authority, the jurisdictional issues in this case, including questions concerning the amount in controversy requirement and the application of sovereign and Eleventh Amendment immunity, are for the Tennessee court to decide.  As evidenced by the exhibits submitted by both parties, all of the jurisdictional issues addressed in plaintiff's briefing have been raised in the Tennessee litigation.  Thus, absent a finding that "compelling circumstances" warrant an exception to the first-filed rule, the Court will not consider plaintiff's arguments for remand.  *Id.   See also Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007)("[J]urisdiction is vital only if the court proposes to issue a judgment on the merits.").

7

Moving on to the "compelling circumstances" inquiry, plaintiff clearly has not met its burden. As an initial matter, the Court rejects plaintiff's contention that the general criteria relevant to a motion to transfer under 28 U.S.C. § 1404(a) demonstrate "compelling circumstances" under the facts of this case and in the context of the present motion. Plaintiff has filed a motion to transfer in the Tennessee action that raises the same factors. The Court will not interfere with the Tennessee court's decision on the § 1404(a) factors.

Likewise, the Court rejects plaintiff's contention that the presence of a forum selection clause in the 2000 Agreement constitutes "compelling circumstances." As a general rule, a court need not accord any deference to the first-filed forum in the face of a clearly applicable forum selection clause. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989)("[s]uch deference to the filing forum would only encourage parties to violate their contractual obligations, the integrity of which are vital to our judicial system"). However, the forum selection clause cited by plaintiff pertains to the 2000 Agreement, which the parties agree was superceded by the 2005 Agreement. Thus, the forum selection clause is not clearly applicable to the dispute at issue here.

Plaintiff makes much of the fact that defendant has amended its filings in the Tennessee action to avoid the consequences of the 2000

8

Agreement. (*See* Pl.'s Reply in Supp. of Mot. to Remand [17] at 5-7.) But given the "principles of comity and sound judicial administration" upon which the first-filed rule is based, the legal consequences of the 2000 Agreement and of defendant's amended pleadings are most appropriately decided by the Tennessee court. *Cadle*, 174 F.3d at 603. That court is also in the best position to determine the significance to this case of (1) Georgia's venue laws and (2) defendant's participation in a 2009 proceeding before the Fulton County Superior Court.

Finally, the fact that plaintiff does not contend that the Tennessee suit is anticipatory also weighs in favor of applying the first-filed rule. *Manuel*, 430 F.3d at 1135 (whether a declaratory judgment is anticipatory is relevant to the first-filed analysis). Moreover, while the Tennessee suit requests declaratory relief, it also seeks monetary damages. Given these facts, and plaintiff's more general failure to show that "compelling circumstances" justify proceeding with the present action, the Court finds that the first-filed rule applies. Accordingly, the Court **GRANTS** defendant's motion to stay this proceeding pending resolution of the Tennessee

9

litigation [4].[1]  In accordance with the above discussion, the Court **DENIES** plaintiff's motions to remand [11] and [18].

## **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** defendant's Motion to Stay [4].  The Clerk is directed to **STAY** and **ADMINISTRATIVELY TERMINATE** this action until further notice of the Court.  Either party can file a motion to reopen the case within sixty days of resolution of the Tennessee litigation.  In accordance with this ruling, the Court **DENIES** plaintiff's Motions to Remand [11] and [18].

SO ORDERED, this 27th day of March, 2012.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

---

[1]  Plaintiff agrees that should the Court find that the first-filed rule applies the proper course of action is to stay these proceedings.  (Pl.'s Reply in Supp. of Mot. to Remand [17] at 7.)